### Anthony Bohm, Appellee, v. Hunter Dalton, Appellant.

#### (Not to be reported in full.)

Appeal from the Circuit Court of Madison county; the Hon. J. F.
GILLHAM, Judge, presiding. Heard in this court at the October
term, 1916. Affirmed. Opinion filed April 13, 1917.

#### Statement of the Case.

Action by Anthony Bohm, plaintiff, against Hunter
Dalton, defendant, to recover damages for personal
injuries sustained as the result of being struck by an
automobile operated by defendant. From a judgment
for plaintiff for $1,546.50, defendant appeals.

HAROLD J. BANDY, for appellant.

WARNOCK, WILLIAMSON & BURROUGHS, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the
court.

#### Abstract of the Decision.

1. AUTOMOBILES AND GARAGES, § 3*—*when evidence sufficient to
show exercise of due care of pedestrian struck by automobile.* In an

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

Bohm v. Dalton, 206 Ill. App. 374.

action by a pedestrian to recover for personal injuries sustained by being struck by defendant's automobile while plaintiff was crossing at an intersection of public streets, where plaintiff claimed that he looked before crossing and neither heard nor saw the automobile, and where others who were at the crossing at the same time as plaintiff, and some of whom were waiting for a street car, testified that they heard no warning and that the first they knew or saw of the automobile was when some one "hollered," and that then they jumped to get out of the way, and where the testimony as to speed and warning was contradictory, *held* that the proof justified a finding that at the time of the accident plaintiff was exercising due care for his own safety.

2. NEGLIGENCE, § 198*—*when failure to look and listen raises question for jury.* The failure to look and listen cannot be said to be negligence *per se* under all circumstances, and whether a person is at fault in failing to look and listen is a question of fact to be submitted to the jury and shown by proof of the circumstances surrounding each particular case.

3. APPEAL AND ERROR, § 1713*—*when errors deemed waived.* Errors assigned as grounds for reversal which are not mentioned in the brief and argument will be deemed to have been waived and will not be considered by the court.

4. AUTOMOBILES AND GARAGES, § 1*—*when motor car may not be run at greatest speed limited by law.* A law prohibiting the running of a motor car at a greater speed than ten miles per hour through the closely built up business portion of a city or incorporated village is not a license or permission to run such vehicle at that rate of speed, if that rate is unreasonable under the circumstances of the particular case.

5. CONTINUANCE—*when denial of on ground of illness of party while testifying is not error.* The denial of a continuance in a personal injury case on the ground that plaintiff fainted or became sick on the witness stand, *held* not error where there was no contention that such illness was feigned or within the control of plaintiff, and where the court in an instruction warned the jury not to consider the occurrence.

6. AUTOMOBILES AND GARAGES, § 3*—*when instruction in language of speed statute is not erroneous.* The giving of an instruction substantially in the language of the statute regulating the speed of motor vehicles upon public highways is not error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.